**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> SPRING MOUNTAIN RANCH MASTER ) <br> ASSOCIATION; NEVADA ASSOCIATION ) <br> SERVICES, INC.; PREMIER ONE ) <br> HOLDINGS, INC. and WV ) <br> INTERNATIONAL, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: 2:16-cv-01591-GMN-EJY <br><br> **ORDER** |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 64), filed by Defendant Spring Mountain Ranch Master Association ("HOA"). Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") filed a response, (ECF No. 72), and HOA filed a reply, (ECF No. 80).

Also pending before the Court is the Motion for Summary Judgment, (ECF No. 65), filed by Defendant Premier One Holdings, Inc. ("Premier One"). Plaintiff filed a Response, (ECF No. 72), and Premier One filed a Reply, (ECF No. 79).

Also pending before the Court is Plaintiff's Motion for Summary Judgment, (ECF No. 66). HOA and Premier One (collectively, "Defendants") each filed Responses, (ECF Nos. 69, 73), and Plaintiff filed Replies, (ECF Nos. 81–82).

For the reasons discussed below, HOA's Motion for Summary Judgment is **DENIED**, Premier One's Motion for Summary Judgment is **DENIED**, and Plaintiff's Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

This case arises from the non-judicial foreclosure on real property located at 8904 Meisenheimer Avenue, Las Vegas, Nevada 89143 (the "Property"). (*See* Deed of Trust, Ex. 1 to Pl.'s Mot. Summ. J. ("MSJ"), ECF No. 66-1). On October 18, 2005, Michael Vattima and Beatrice Vattima (collectively, "Borrowers") purchased the Property by way of a loan in the amount of $201,500.00 secured by a deed of trust ("DOT"), naming Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary, recorded on October 24, 2005. (*Id.*). Plaintiff gained beneficial interest in the DOT through an assignment recorded on October 4, 2010. (*See* Assignment, Ex. 2 to Pl.'s MSJ, ECF No. 66-2).

Upon Borrowers' failure to stay current on their payment obligations, Nevada Association Services, Inc. ("NAS"), on behalf of HOA, initiated foreclosure proceedings by recording a notice of delinquent assessment lien. (*See* Notice of Delinquent Assessment Lien, Ex. 3 to Pl.'s MSJ, ECF No. 66-3). The HOA subsequently recorded a notice of default and election to sell. (Notice of Default, Ex. 4 to Pl.'s MSJ, ECF No. 66-4).

On March 15, 2012, the law firm Miles, Bauer, Bergstrom & Winters LLP ("Miles Bauer"), on behalf of Bank of America, N.A. ("BANA"), the servicer of the loan, requested a ledger from HOA, through NAS, identifying the amount owed on the superpriority portion of HOA's lien. (First Miles Bauer Letter, Ex. 2 to Miles Bauer Aff., ECF No. 66-6). NAS did not respond, and BANA calculated the lien amount, "the sum of nine months of common assessments," to be $369.00 based on a previous ledger it had received from HOA regarding a different property. BANA then sent NAS a check for the amount. (*See* Tender Letter, Ex. 3 to Miles Bauer Aff., ECF No. 66-6); (Confirmation of Receipt, Ex. 4 to Miles Aff., ECF No. 66-6).

Notwithstanding the alleged tender, NAS proceeded with the foreclosure by recording a notice of foreclosure sale and subsequently foreclosing on the Property. (*See* Notice of

Foreclosure Sale, Ex. 5 to Pl.'s MSJ, ECF No. 66-5). On August 30, 2013, Premier One recorded a foreclosure deed stating it purchased the Property for $21,500.00. (Foreclosure Deed, Ex. 7 to Pl.'s MSJ, ECF No. 66-7).

Plaintiff filed the instant Complaint, (ECF No. 9), on July 5, 2016, asserting the following causes of action arising from the foreclosure and subsequent sale of the Property: (1) quiet title against HOA, NAS, Premier One, and WV International, Inc.; (2) breach of NRS 116.1113 against HOA and NAS; (3) wrongful foreclosure against HOA and NAS; and (4) injunctive relief against Premier One. (*See* Compl. ¶¶ 30–78). In its Answer, (ECF No. 45), Premier One asserts counterclaims against Plaintiffs for: (1) quiet title; and (2) a preliminary and permanent injunction prohibiting Plaintiff from transferring its interest in the Property. (*See* Answer 14:9–19:5).

## II. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. <u>DISCUSSION</u>

Plaintiff moves for summary judgment on its claims against Premier One and HOA asserting that the DOT survived because BANA properly tendered the superpriority portion of HOA's lien prior to the Property's foreclosure sale. (Pl.'s MSJ 5:6–8:2). Plaintiff argues that even if BANA tendered an insufficient amount, the substantial compliance doctrine protects its interest. (*Id.* 8:3–10:2). If the Court does not apply the substantial compliance doctrine in this case, Plaintiff argues that futility excused the requirement of formal tender. (*Id.* 8:4–12:9). Plaintiff also asserts that finding the foreclosure sale extinguished its DOT would violate its due process rights. (*Id.* 12:10–13:7). Finally, Plaintiff argues that if its DOT did not survive the foreclosure sale, the sale should be reformed or set aside. (*Id.* 13:18–17:1).

Premier One moves for summary judgment and counterclaims to quiet title arguing that the HOA properly foreclosed on its superpriority lien, extinguishing Plaintiff's DOT. (Premier One's MSJ 1:6–10, 7:7–21). Premier One argues that, because no party had a senior interest to the HOA superpriority lien, and because it was a bona fide purchaser, the Court should quiet title in its favor. (*Id.* 1:10–13, 14:10–16:15). Finally, Premier One argues that Plaintiff's alternative claims for relief should be denied because Plaintiff failed to demonstrate that the foreclosure sale did not comply with the requirements of Nevada Revised Statutes ("NRS") 116.3116. (*Id.* 2:23–3:3, 10:24–14:9, 16:16–20:4).

HOA moves for summary judgment on Plaintiff's quiet title claim arguing that its foreclosure sale complied with NRS 116. (HOA's MSJ 5:2–6:9). HOA also argues that it is

entitled to summary judgment on Plaintiff's quiet title claim because due process does not require notice to BANA, tender is irrelevant to whether the sale is void, and Plaintiff improperly relies on NRS 116.1113. (*Id.* 6:10–8:16). HOA also argues that it is entitled to summary judgment on Plaintiff's wrongful foreclosure claim because a necessary element of the claim, that Borrowers were in default at the time of sale, is lacking. (*Id.* 8:24–27; 9:8–21). HOA additionally argues that Plaintiff cannot establish foreclosure was wrongful because BANA received actual notice of the sale, tender is irrelevant to the claim, Plaintiff improperly relies on the mortgage protection clause in its lien, and the Plaintiff's allegations regarding inadequacy of price and its reliance on NRS 116.1113 are unavailing. (*Id.* 8:17–13:12). Finally, the HOA argues it is entitled to summary judgment for Plaintiff's breach of NRS 116.1113 claim because it owed Plaintiff no duty under the statute. (*Id.* 13:13–14:4). The Court will address the parties' arguments in turn.

### A. Quiet Title

Under NRS 116.3116, the holder of a first DOT may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the DOT. *See SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 414 (Nev. 2014). "[A] first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). "[T]he superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* at 117; *see also Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 373 P.3d 66, 72 (Nev. 2016).

Plaintiff argues that the foreclosure sale did not extinguish its DOT because it relied on a ledger HOA previously provided for another property; and BANA, through Miles Bauer, tendered a check for what it believed amounted to the sum of nine months' worth of common

assessments, $369.00. (*See* Pl.'s MSJ 3:25–4:5, 5:6–8:2); (Miles Bauer Aff. ¶ 9, Ex. 6 to Pl.'s MSJ, ECF No. 66-6); (Case Management Note, Ex. 1 to Miles Bauer Aff. ECF No. 66-6); (Tender Letter, Ex. 3 to Miles Bauer Aff., ECF No. 66-6); (Pl.'s Reply 3:5–4:7, ECF No. 69). In its Response, Premier One asserts that the actual amount BANA needed to tender to extinguish the superpriority amount was $535.50, the sum of nine months of common assessments of $59.50. (Premier One's Resp. 6:20–7:17) (citing Ex. 9 to Premier One's MSJ, ECF No. 65-9)). HOA makes no arguments in its Motion for Summary Judgment, (ECF No. 64), its Response to Plaintiff's Motion for Summary Judgment, (ECF No. 69), or its Reply to Plaintiff's Response to its Motion for Summary Judgment, (ECF No. 80), regarding tender.

BANA has produced evidence tending to show that the HOA's monthly common assessment fee totaled $41. (*See* Pl.'s MSJ 3:25–4:5, 5:6–8:2); (Miles Bauer Aff. ¶ 9, Ex. 6 to Pl.'s MSJ, ECF No. 66-6); (Case Management Note, Ex. 1 to Miles Bauer Aff. ECF No. 66-6); (Tender Letter, Ex. 3 to Miles Bauer Aff., ECF No. 66-6); (Pl.'s Reply 3:5–4:7, ECF No. 69). After a careful review of the exhibit Premier One cites to support its allegation that BANA's tender was insufficient, (Ex. 9 to Premier One's MSJ, ECF No. 65-9), the Court is unable to find any evidence that that the monthly common assessments on the Property were $59.50, or that $535.50 was the total amount owed on the superpriority lien. Arguments alone in a motion for summary judgment, without supporting evidence, are insufficient to create a dispute of fact. *See Celotex Corp.*, 477 U.S. at 323–24. Accordingly, because Premier One and HOA have failed to satisfy their burden[1] to create a dispute of material fact on the tender issue, the Court concludes that BANA's tender ensured that the foreclosure sale did not extinguish Plaintiff's DOT.

---

[1] The Court reminds Premier One and HOA of the oft repeated maxim, "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

Therefore, HOA's foreclosure sale was invalid to the extent it extinguished the DOT. While the sale remains intact, Plaintiff's DOT continues to encumber the Property and Premier One's interest is subject to this encumbrance. In light of this holding, Premier One cannot prevail even if the Court were to find it was a bona fide purchaser for value. *See Bank of Am.*, 427 P.3d at 121 ("Because a trustee has no power to convey an interest in land securing a note or other obligation that is not in default, a purchaser at a foreclosure sale of that lien does not acquire title to that property interest."). Accordingly, Plaintiff's Motion for Summary Judgment is granted with respect to its quiet title claim; Premier One and HOA's Motions as to the same are denied.

### B. Wrongful Foreclosure, Breach of NRS 116.114, and Injunctive Relief

In its prayer for relief, Plaintiff primarily seeks "[a]n order declaring that Premier One purchased the property subject to Wells Fargo's senior deed of trust" (*See* Compl. 14:3–5, ECF No. 9). The other relief requested—with the exception of injunctive relief—is phrased in the alternative. (*See id.* 14:6–15). Therefore, because the Court grants Plaintiff summary judgment on its quiet title claim, Plaintiff has received the relief it requested. Accordingly, the Court dismisses Plaintiff's second and third causes of action for wrongful foreclosure and breach of NRS 116.1113, respectively. With regard to Plaintiff's requests for a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for Plaintiff moots these claims, and they are therefore dismissed.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 66), is **GRANTED**.

**IT IS FURTHER ORDERED** that HOA's Motion for Summary Judgment, (ECF No. 64), is **DENIED**.

**IT IS FURTHER ORDERED** that Premier One's Motion for Summary Judgment, (ECF No. 65), is **DENIED**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __30__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court